In the matter of JONATHAN R. SALISBURY, on application for an *Habeas Corpus.*

Where a *capias* which issued from the United States Circuit Court is regular on its face, and in a case within the jurisdiction of that court, the Circuit wilt not inquire whether the United States Court properly exercised its jurisdiction.

Where an affidavit upon which to ground the issuing of a *capias*, shows that the party against whom the writ is to issue, has conveyed large amounts of real and personal property to several persons, for the purpose of defrauding his creditors, and shows facts and circumstances sufficient to raise a strong presumption of fraud, the party arrested can only be discharged by making an assignment as an insolvent debtor.

THIS was an application by Salisbury to be discharged from an arrest and bail.

Suit was commenced against Salisbury and nine others, by the Bank of Auburn.

The affidavit filed in the Cook Circuit Court, after stating the indebtedness of the parties, recites with respect to Salisbury, that in the month of December, 1853, he was the owner of a large amount of real and personal property in the State of New York, consisting of farms and farm stock and implements, houses, lands, stores, ashery, and other real estate, and also was a partner in two stores in said State of New York, one at Franklinville, Cataraugus county, where and in which he was a partner with one Lyon; another at Machias, where and in which he was a partner with one Wier, and at which stores severally said Salisbury had and owned a large amount of goods, wares and merchandise, and other personal property, including a large amount of notes, accounts, and other debts due to said Salisbury and his other partners, at said several stores respectively; that during said month of December, 1853, or about that

time, said Salisbury made two fraudulent assignments of large amounts of real and personal property to his two several partners, assigning to them amounts of property and value, exceeding, by the sum of from fifteen to twenty thousand dollars, the consideration received therefor, thereby fraudulently intending to place the same out of reach of his creditors, to delay and hinder them, and with a view to his future benefit; that about said time, or soon after, he sold and conveyed property to Messrs. Conover & Co., of the city of New York, or to one of the firm, for about $1000, which was worth $2400; that the sale was for an inadequate price, and designed to place the property out of the reach of his creditors. That Salisbury, about the same time, sold and transferred to one Benjamin Howard, about $4000.00 worth of notes and accounts, for about $1000.00, which was a grossly inadequate consideration, and that this sale was in bad faith, and designed to cheat and defraud his creditors, and for Salisbury's future benefit.

The foregoing is the substance of the affidavit, in so far as relates to the allegations of fraud.

The affidavit was made in July, 1855.

The petition in this proceeding was filed on the 17th July, 1855.

BLACKWELL, BALLINGALL and UNDERWOOD, for Petitioner.

DICKEY, MATHER and TAFT, *contra*.

CATON, J.   The return in this case shows, that the petitioner is held in custody by virtue of three writs of *capias ad satisfaciendum;* one of which was issued out of the circuit court of Cook county, another out of the Cook county court of common pleas, and the third was issued out of the circuit court of the United States, for the northern district of Illinois.   We will dispose of the latter writ first.   That writ is regular on its face, in a case where that court had undoubted jurisdiction, and this court will not inquire whether a proper case was made, requiring that court to exercise its jurisdiction in issuing the writ. This court, in order to do so, must exercise appellate jurisdiction over the circuit court of the United States, and by doing so, revise its decisions, *ex parte Tabias Watkins*, 7 Peters, 568; ibid. 3 Peters, 193; *ex parte Kearney*, 7 Wheaton, 38.   If the writ was improvidently issued, the prisoner is provided with an ample remedy, by the laws of the United States.   The judges of that court will discharge him, and it would not be fitting or proper for this court to interfere with their proceedings when in the exercise of their legitimate jurisdiction.

It is a universal rule in the Federal courts, to adopt the construction given by the State courts to State laws and constitutions, when called upon to administer them, so that there can be no danger that one rule can be applied to one citizen and another rule to another citizen, in the operation of the State legislation upon them.

The affidavit upon which the writ was issued from the Cook circuit court, is set forth in the return, and shows that the demand upon which that action was about to be commenced, was a judgment recovered in the supreme court of the State of New York, against Salisbury and others. It further sets forth facts which, to say the least, raise a strong presumption that Salisbury had conveyed large amounts of real and personal property to several persons in the State of New York, for the purpose of cheating and defrauding his creditors. This affidavit is deemed sufficient, under the rule laid down in the matter of *ex parte Jesse N. Smith,* decided at this term, to justify the emanation of the writ. From imprisonment under this writ, therefore, Salisbury cannot be discharged upon this proceeding. The only remedy which he can have is to make an assignment before the probate court, in pursuance of the statute.

No affidavit is shown to have been made in the cause commenced in the common pleas. For the want of the requisite affidavit in that case, the writ was improvidently issued, and the imprisonment upon it is illegal, and from that the prisoner must be discharged. He must, however, be remanded upon the other two writs until discharged by due course of law.